**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4503**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO RAYNAL HUNTER GRAY, a/k/a Fresh,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:09-cr-00291-BO-1)

Submitted:  May 30, 2018                                          Decided:  June 6, 2018

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Antonio Gray's term of supervised release after concluding that he had committed new crimes, including: (1) driving while impaired ("DWI") and felony hit and run with serious injury; and (2) DWI and driving with a revoked license. After a multi-day evidentiary hearing, the district court found that Gray committed the violations and sentenced him to 52 months' imprisonment, and he now appeals. On appeal, Gray argues that the district court erred in finding that he violated the terms of his supervised release, and clearly erred in finding that he was the driver of the vehicle that caused the accident. We affirm.

The district court need only find a supervised release violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); *see United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion," but the "factual findings underlying a revocation for clear error." *Padgett*, 788 F.3d at 373. "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

We conclude that the evidence supports the district court's finding that Gray drove the vehicle that caused the deadly collision. Critically, Gray provided an oral and signed confession to the police—after he was informed of his *Miranda*[*] rights—admitting that

---

[*] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

he was the driver and that he was responsible for the accident. Testimony from multiple witnesses supported the conclusion that the car contained two people and that Gray, the second to exit the vehicle, was the driver.

This evidence was contradicted only by the testimony of Timothy Moore, who claimed to be the driver and the third man in the car. The district court rejected this testimony, finding that Moore was not credible. We have repeatedly held that "determinations of credibility are within the sole province of the fact finder and are not susceptible to judicial review." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (brackets and internal quotation marks omitted). Moreover, the record as a whole supports the district court's determination. Moore's testimony was contradicted in several critical respects by other witnesses, and his assertion that he was able to successfully navigate traffic for more than 3 miles before crashing—while traveling at 80 miles per hour and drunk, high on PCP, and passed out—is implausible. This, combined with Moore's conflicting statements about several key aspects of the accident, provided ample reason for the district court to discount his credibility.

Contrary to Gray's argument on appeal, the district court's statements during the revocation hearing do not indicate that it failed to properly weigh Moore's testimony. The record does not support the assertion that the court prejudged Moore's testimony. Nor did the court's warnings to Moore regarding penalties for perjury definitively indicate that it had prejudged Moore's testimony. Finally, the district court's admonishments and queries aimed at defense counsel cannot definitively be labeled as

3

attacks, and, in any event, do not undermine the evidence in support of the district court's credibility determination.

Because the district court did not clearly err in rejecting Moore's testimony, we conclude that the court did not abuse its discretion in determining that Gray violated the terms of his supervised release. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*